IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL REEVES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-487-WDS** |
| ) | |
| **STATE OF ILLINOIS, MASSAC** ) | |
| **COUNTY DETENTION CENTER,** ) | |
| **LARRY GRACE, BOB GRIFFEY,** ) | |
| **DAMON ACUFF and TAMMY PATTON,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, currently held in the Massac County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This action was originally filed in the Circuit Court for the First Judicial District in Massac County, Illinois. After entering their appearances, Defendants filed a notice of removal to this District (Doc. 7).

The complaint presents four separate claims, as discussed below. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

In February 2006, Plaintiff requested medical attention for a sore throat, a rash on his legs, and pain in his neck, shoulder and arm. Defendant Patton, who had been a witness against him in a trial in 2001, refused to provide him with medical treatment for any of these ailments. He later filed a grievance over this matter; he claims that Defendants Griffey and Acuff[1] did not respond to his grievance.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant

---

[1] In each count, Plaintiff refers to Hamon Clery, the jail administrator. Plaintiff has not listed Clery as a defendant in his complaint, and thus the Court does not consider him a party to this action. However, where he identifies defendants on page 2 of the complaint, it appears that he substituted Damon Acuff for Clery as the jail administrator. For purposes of this order, each time Plaintiff mentions Clery in the text of the complaint, the Court will assume that Plaintiff meant to refer to Acuff.

> official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). Applying these standards to the facts alleged in the complaint, the Court is unable to dismiss the claim against Defendant Patton at this point in the litigation.

However, merely alleging that Griffey and Acuff failed to respond to his grievance does not present a viable claim against them for deliberate indifference to his medical needs. At best, Plaintiff presents a claim of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Griffey and Acuff are dismissed with prejudice from Count 1.

## COUNT 2

Plaintiff's second claim is that he sent three grievances to Griffey and Acuff requesting, in turn, cleaning supplies, a haircut and out-of-cell exercise. He alleges that they failed to respond to those grievances within 72 hours, and he believes that such a failure represents "willful and wanton

- 3 -

conduct" that violates his constitutional rights. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Count 2 is dismissed from this action with prejudice.

## **COUNT 3**

Plaintiff next alleges that he filed a request with Griffey and Acuff to be taken to the Massac County courthouse to file some legal documents; he also included a request for a notary public. He alleges, again, that they did not respond to that grievance. He also alleges that he mailed some documents to the Massac County courthouse for filing, but Defendant Grace, the county clerk, either delayed in filing these documents or did not file them at all. He further claims that if he had been taken to the courthouse to file the papers personally, as he requested, the papers would have been properly filed. Based on these events, he believes that Griffey, Acuff and Grace have interfered with his right of access to the courts.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption

and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid,* 969 F.2d at 603.

In this case, Plaintiff makes no allegation of any prejudice to any specific litigation. Therefore, Count 3 is dismissed with prejudice from this action.

### COUNT 4

Plaintiff's final claim involves the handling of his mail, both personal and legal. He alleges, first, that he sent a letter to his sister on March 6, 2006. Less than two weeks later, when she paid him a visit, his sister told him she did not receive the letter. Next, he states that he mailed a letter to his appellate defender on February 27. He received no response to that letter but, after his sister called the attorney on March 13, Plaintiff received a letter from the attorney on March 15. However, that letter was simply placed under the door of his cell; he did not sign a receipt for this legal mail as required by policy.

The fact that Plaintiff's sister did not receive one particular letter does not suggest that any Defendant interfered with his outgoing mail. Similarly, the fact that he did not receive a prompt response from his attorney does not mean that the letter was not sent. Finally, a simple failure to have Plaintiff acknowledge receipt of a piece of legal mail does not present a claim that Defendants

interfered with his mail.  *See Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987) ("isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference").

## DEFENDANTS

Plaintiff has listed the State of Illinois as a defendant in this action.  However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).  Accordingly, the State of Illinois is dismissed from this action with prejudice.

## EXTENSION OF TIME

Defendants have filed a motion for an extension of time to file an answer to the complaint (Doc. 8); they sought an extension through July 14, 2006.  Due to the procedural posture of this action being removed, that date has now passed.  However, Defendants' motion is **GRANTED.** Their time to file a responsive pleading to the complaint shall begin to run from the date of entry of this order.  *See* FED.R.CIV.P. 12(a).

## APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel (Doc. 9).  However, he has not yet

sought or been granted leave to proceed *in forma pauperis* in this action.  *See* 28 U.S.C. §§ 1915(a). (e).  Further, when deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts.  *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).  Plaintiff makes no showing that he has attempted to retain counsel.  Therefore, the Court finds that appointment of counsel is not warranted at this time.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

#### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 2, COUNT 3** and **COUNT 4** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **ACUFF, GRACE, GRIFFEY** and the **STATE OF ILLINOIS** are **DISMISSED** from this action with prejudice.

Plaintiff is **ORDERED** to serve upon defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: July 18, 2006.**

*s/ WILLIAM D. STIEHL*
**DISTRICT JUDGE**