IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-487-WDS |
| | ) | |
| MASSAC COUNTY DETENTION CENTER | ) | |
| and TAMMY PATTON, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on a

Motion to Dismiss and/or for Summary Judgment filed by Tammy Patton and Massac County

Detention Center ("Defendants") on August 7, 2006 (Doc. 14).  For the reasons set forth below,

it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, that the motion

be **MOOTED**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

Michael Reeves ("Plaintiff"), an inmate in the Menard Correctional Center, brings this

action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that Defendants were deliberately

indifferent to his medical needs.

On August 7, 2006, Defendants filed the instant motion, presenting numerous legal

doctrines and providing case authorities for the proposition that Plaintiff's claims must fail as a

matter of law.  On August 8, 2006, the Court issued Plaintiff a Notice and Order to respond,

advising him of the September 11, 2006 deadline for responding to Defendants' motion (Doc.

16).  On September 7, 2006, Plaintiff moved for an extension of time to respond to the motion

(Doc. 19).  On October 31, 2006, the Court granted Plaintiff's motion, extending the response

deadline to November 30, 2006 (Doc. 22).  Plaintiff did not file his response by the extended

deadline.  On February 5, 2007, the Court ordered Plaintiff to show cause as to why he had not

complied with previous deadlines, or to submit the overdue response (Doc. 23).  Plaintiff did not

show cause or submit his response by the February 20, 2007 deadline set forth in that order.

### CONCLUSIONS OF LAW

Rule 41(b) of the Federal Rules of Civil Procedure authorizes federal judges to dismiss

for want of prosecution "cases that have remained dormant because of the inaction or

dilatoriness of the parties seeking relief." Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989)

("The power of federal judges to dismiss for want of prosecution is based in part on the necessity

to prevent undue delays in the disposition of pending cases and to avoid congestion in the

calendars of the District Courts.").  However, "where a plaintiff brings an action pro se, and so is

particularly in need of the court's patience and instruction, [the Seventh Circuit Court of

Appeals] has consistently held that a district court must give explicit warning prior to dismissing

the case for want of prosecution." Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir.

1995).

In the instant case, Plaintiff has continually failed to meet established deadlines, which

has unduly delayed the disposition of this case.  Additionally, the Court explicitly warned

Plaintiff that his failure to submit his response by February 20, 2006 would ultimately result in

this Court recommending that his lawsuit be dismissed. See Judge Wilkerson's Order to Show

Cause of February 5, 2007 (Doc. 23) (stating: "Plaintiff is hereby **WARNED** that the failure to

show cause <u>or</u> submit the response motion **SHALL** result in a report and recommendation that this matter be dismissed for want of prosecution.") (emphasis in original).  Notwithstanding this explicit warning, Plaintiff has neglected to meet the February 20th deadline.  Pursuant to Rule 41(b), such inaction and neglect, after an explicit warning, is grounds for dismissal on the merits. <u>See</u> <u>Bluestein & Co.</u>, <u>supra</u>, at 1025; <u>see</u> <u>also</u> <u>Brennan</u>, <u>supra</u>, at 787.  Accordingly, this Court **RECOMMENDS** that the case be **DISMISSED WITH PREJUDICE** for want of prosecution.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, that the Motion to Dismiss and/or for Summary Judgment filed by Defendants on August 7, 2006 (Doc. 14) be **MOOTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 27, 2007**

s/ <i>Donald G. Wilkerson</i>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
